## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

VICTOR DIAZ on his own behalf and
on behalf of all others similarly situated,

     Plaintiff,

v.

LOST DOG PIZZA, LLC,
DANIEL WARREN LYNCH and
JEFF SMOKEVITCH,

     Defendants.

---

### CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES

---

     Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

### STATEMENT OF THE CASE

    1.    Plaintiff and those similarly situated are currently, or were formerly, employed by Defendants as hourly employees at Defendants' Brown Dog Pizza restaurant in Telluride, Colorado.

    2.    Defendants refused to pay Plaintiff and Defendants' other hourly employees overtime wages for hours worked beyond forty each workweek and for hours worked beyond twelve each workday.

    3.    Defendants thus violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.,* the Colorado Wage Claim Act (the "CWCA"), Colo. Rev. Stat. §§ 8-4-101 *et seq.*, and the Colorado Minimum Wage Act (the "CMWA"), Colo. Rev. Stat.

§§ 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wage Order (the "MWO"), 7 C.C.R. 1103-1.

4.     Defendants violated the FLSA because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

5.     Defendants violated the CMWA because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek and for each hour worked beyond twelve each workday.

6.     Defendants violated the CWCA because that Act requires employers to pay their former employees all their earned and vested wages upon termination of the employment relationship.

7.     Plaintiff seeks compensation for Defendants' violations of the FLSA, the CMWA and the CWCA on his own behalf and on behalf of all other similarly-situated hourly employees of Defendants.

## PARTIES, JURISDICTION, AND VENUE

8.     Plaintiff Victor Diaz was employed by Defendants from approximately 2009 through approximately April, 2017. Plaintiff Diaz's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 1.

9.     Defendant Lost Dog Pizza, LLC is a registered Colorado company which operates the Brown Dog Pizza restaurant and which has a principal street address of 110 East Colorado Ave., Telluride, Colorado 81435.

10.     Defendant Daniel Warren Lynch is an owner and manager of the Brown Dog

Pizza restaurant.

11.     Defendant Jeff Smokevitch is an owner and manager of the Brown Dog Pizza restaurant.

12.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq*.

13.     Plaintiff requests that this Court exercise supplemental jurisdiction over his claims under the CWCA and the CMWA pursuant to 28 U.S.C. § 1367.

14.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

15.     Plaintiff and those similarly situated worked as hourly employees for Defendants in Defendants' Brown Dog Pizza restaurant.

16.     Defendants refused to pay their hourly employees overtime wages for hours worked beyond forty each workweek and for hours worked beyond twelve each workday.

17.     For example, during the two-week pay period running from July 16, 2015 through July 31, 2015, Plaintiff Diaz worked 107.67 hours for Defendants. Defendants failed to pay Plaintiff Diaz overtime wages for those hours over forty he worked each week during this pay period and for those hours he worked beyond twelve each workday during this pay period. Similarly, during the two-week pay period running from September 5, 2016 through September 18, 2016, Plaintiff Diaz worked 99.61 hours for Defendants. Defendants failed to pay Plaintiff Diaz overtime wages for those hours over

forty he worked each week during this pay period and for those hours he worked beyond twelve each workday during this pay period. And during the two-week pay period running from March 6, 2017 through March 19, 2017, Plaintiff Diaz worked 109.81 hours for Defendants. Defendants failed to pay Plaintiff Diaz overtime wages for those hours over forty he worked each week during this pay period and for those hours he worked beyond twelve each workday during this pay period.

18.    Defendants subjected all their hourly employees to the same policy and practice of avoidance of overtime wage payments.

19.    Defendants did not pay all their separated hourly employees all earned, vested and determinable wages upon the termination of each employee's employment.

20.    At all times relevant to this action, Defendants employed persons, including Plaintiff and Defendants' other hourly employees, within the State of Colorado.

21.    At all times relevant to this action, Plaintiff and Defendants' other hourly employees performed restaurant labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiff and others were to perform.

22.    Plaintiff and Defendants' other hourly employees handled food and other restaurant cleaning and food preparation materials which moved in interstate commerce each year relevant to this action.

23.    Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

24.    Defendant Daniel Warren Lynch, at all material times, exercised operational control and financial control over the Brown Dog Pizza restaurant enterprise and

exercised control over the terms and conditions of employment of his employees. For example, Defendant Lynch hired and fired employees, including participating in the hiring of Plaintiff Diaz. Defendant Lynch also made all important financial decisions regarding the enterprise, and participated in the decision to avoid paying his employees overtime wages.

25.     Defendant Jeff Smokevitch, at all material times, exercised operational control and financial control over the Brown Dog Pizza restaurant enterprise and exercised control over the terms and conditions of employment of his employees. For example, Defendant Smokevitch hired and fired employees, including participating in the hiring of Plaintiff Diaz. Defendant Smokevitch directed his employees as to their job duties and controlled his employees' rates of pay and changes to their rates of pay. Defendant Smokevitch participated in all important financial decisions regarding the enterprise and participated in the decision to avoid paying his employees overtime wages.

## RULE 23 CLASS ALLEGATIONS AS TO THE FIRST CLAIM

26.     Plaintiff asserts his First Claim, brought under the CMWA, as implemented by the MWO, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

27.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "MWO Rule 23 Class" as follows:

> All hourly employees who worked at the Brown Dog Pizza restaurant on or after September 14, 2015.

28.     This action is properly brought as a class action for the following reasons.

29.     Upon information and belief, all of Defendants' hourly employees were subject to Defendants' common policy of refusing to pay overtime wages for hours worked beyond forty each workweek and beyond twelve each workday.

30.     The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 50-100 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

31.     Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay their employees overtime wages for all hours worked beyond forty each workweek and twelve each workday.

32.     The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of employers refusing to pay overtime wages to their employees. The claims at issue arise from a policy applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claims. If Defendants' policy of failing to pay overtime wages for overtime hours worked was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

33.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

34.     The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

35.     The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

36.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

37.     Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the CMWA counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

38.     Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

39.     Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

40.     It is desirable to concentrate this litigation in this forum because all claims arose in this Judicial District.

41.     This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

42.     The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 at 12; 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were recently employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE SECOND CLAIM

43.     Plaintiff brings his Second Claim, brought pursuant to the FLSA, as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated hourly employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "FLSA 216(b) Class" as follows:

> All hourly employees who worked at the Brown Dog Pizza restaurant on or after September 14, 2014.

44.     The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

45.     All potential 216(b) Class Members are similarly situated because they worked for Defendants as hourly employees and were subject to Defendants' common policy of refusing to pay overtime wages for overtime hours worked.

### RULE 23 CLASS ALLEGATIONS AS TO THE THIRD CLAIM

46.     Plaintiff asserts his Third Claim, brought under the CWCA, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

47.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "CWCA Rule 23 Class" as follows:

All separated hourly employees who worked at the Brown Dog Pizza restaurant.

48.     This action is properly brought as a class action for the following reasons.

49.     Upon information and belief, Defendants failed to pay all their separated employees all their earned, vested and determinable wages upon the termination of each employee's employment.

50.     The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 100-200 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

51.     Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay their employees overtime wages for all hours worked beyond forty each workweek and

twelve each workday and whether Defendants failed to pay all their separated employees all their earned, vested and determinable wages upon the termination of each class member's employment.

52.     The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of employers failing to pay their separated employees all their earned, vested and determinable wages upon the termination of each class member's employment. The claims at issue arise from a policy applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claims. If Defendants' policy of failing to pay their separated employees all their earned, vested and determinable wages upon the termination of each class member's employment was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

53.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

54.     The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

55.     The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

56.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

57.     Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the CWCA counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

58.     Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

59.     Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

60.     It is desirable to concentrate this litigation in this forum because all claims arose in this Judicial District.

61.     This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

62.     The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 at 12; 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were recently employed by Defendants and Defendants were

required to create and maintain records containing the mailing addresses of each class member.

## FIRST CLAIM – Failure to Pay Overtime Premiums
## Violation of the CMWA (Colo. Rev. Stat. §§ 8-6-101, *et seq.*) as implemented by the MWO (7 CCR 1103-1)

63.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

64.    Plaintiff asserts this count on his own behalf and on behalf of all other similarly situated employees. Fed.R.Civ.P. 23.

65.    Plaintiff asserts this count against Defendant Lost Dog Pizza, LLC (the "corporate Defendant").

66.    The corporate Defendant was Plaintiff's and others' "employer" as that term is defined by the MWO because it employed Plaintiff and others in Colorado.  7 C.C.R. 1103-1(2).

67.    Plaintiff and others were the corporate Defendant's "employees" as that term is defined by the MWO because they performed labor for the benefit of the corporate Defendant in which the corporate Defendant commanded when, where, and how much labor or services would be performed.  7 C.C.R. 1103-1(2).

68.    The corporate Defendant employed Plaintiff and others in a business or enterprise that prepares and offers for sale, food or beverages for consumption either on or off the premises, and therefore in an industry regulated by the MWO.  7 C.C.R. 1103-1(2)(C).

69.    The corporate Defendant violated the CMWA, as implemented by the MWO, when it failed to pay Plaintiff and others overtime premiums for hours worked over forty

in each given workweek and for hours worked beyond twelve in each given workday. 7 CCR 1103-1(4).

70.    As a result, Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

71.    Plaintiff and others are entitled to recover in a civil action wages owed to them, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18).

### SECOND CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

72.    Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

73.    Plaintiff asserts this count against all Defendants.

74.    Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

75.    Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

76.    Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

77.    Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

78.    Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

79.    Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

80.     Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

81.     Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

**THIRD CLAIM – Failure to Pay All Earned, Vested and Determinable Wages Upon Termination of the Employment Relationship
Violation of the CWCA (Colo. Rev. Stat. §§ 8-4-101, *et seq.*)**

82.     Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

83.     Plaintiff asserts this count on his own behalf and on behalf of all other employees who separated from employment with Defendants. Fed.R.Civ.P. 23.

84.     Plaintiff asserts this count against Defendant Lost Dog Pizza, LLC (the "corporate Defendant").

85.     The corporate Defendant was Plaintiff's and all other separated employees' "employer" as that term is defined by the CWCA because it employed Plaintiff and others in Colorado. Colo. Rev. Stat. § 8-4-101(6).

86.     Plaintiff and all other separated employees were the corporate Defendant's "employees" as that term is defined by the CWCA because they performed labor for the benefit of the corporate Defendant in which the corporate Defendant commanded when, where, and how much labor or services would be performed.  Colo. Rev. Stat. § 8-4-101(5).

87.     The corporate Defendant violated the CWCA, when it failed to pay Plaintiff and all other separated employees all earned, vested and determinable wages upon each employee's separation from employment. Colo. Rev. Stat. § 8-4-109.

88.     As a result, Plaintiff and all other separated employees have suffered lost wages and lost use of those wages in an amount to be determined at trial.

89.     Plaintiff and all other separated employees are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit.  Colo. Rev. Stat. § 8-4-109; Colo. Rev. Stat. § 8-4-110.

**WHEREFORE**, Plaintiff prays that:

As to his FIRST CLAIM brought under the CMWA, as implemented by the MWO, Plaintiff respectfully requests an Order from the Court that:

a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

b. Plaintiff be certified as the class representative of the MWO Rule 23 Class;

c. Undersigned counsel be appointed MWO Rule 23 class counsel;

d. Prompt notice of this litigation be sent to all potential MWO Rule 23 class members;

e. Plaintiff and the MWO Rule 23 Class be awarded the wages they are due, together with attorney fees and costs of suit;

f. Plaintiff be awarded a service award in recognition of his work as representative of the MWO Rule 23 Class;

g. Plaintiff and the MWO Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

As to his SECOND CLAIM claim brought under the FLSA, Plaintiff respectfully requests an Order from the Court that:

a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

b. Plaintiff and the FLSA 216(b) Class be awarded unpaid overtime premiums;

c. Plaintiff and the FLSA 216(b) Class be awarded liquidated damages as required by law;

d. Plaintiff and the FLSA 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

e. Plaintiff and the FLSA 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

f. Plaintiff and the FLSA 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

As to his THIRD CLAIM brought under the CWCA, Plaintiff respectfully requests an Order from the Court that:

a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

b. Plaintiff be certified as the class representative of the CWCA Rule 23 Class;

c. Undersigned counsel be appointed CWCA Rule 23 class counsel;

d. Prompt notice of this litigation be sent to all potential CWCA Rule 23 class members;

e. Plaintiff and the CWCA Rule 23 Class be awarded the wages they are due, statutory penalties and attorney fees and costs of suit;

f. Plaintiff be awarded a service award in recognition of his work as representative of the CWCA Rule 23 Class;

g. Plaintiff and the CWCA Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,


*s/ Brandt Milstein*
**Brandt Milstein**
Milstein Law Office
1123 Spruce Street, Suite 200
Boulder, CO 80302
Telephone: 303.440.8780
Fax: 303.957.5754
E-mail: brandt@milsteinlawoffice.com

*Attorney for Plaintiff*