IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-2228-WJM-NYW

VICTOR DIAZ, on his own behalf and on behalf of all others similarly situated,

    Plaintiff,

v.

LOST DOG PIZZA, LLC,
DANIEL WARREN LYNCH, and
JEFF SMOKEVITCH,

    Defendant.
_____

**ORDER GRANTING IN PART JOINT MOTION TO ADOPT PARTIES' STIPULATION OF PRELIMINARY CERTIFICATION OF A FAIR LABOR STANDARDS ACT § 216(B) CLASS AND CERTIFICATION OF A FED. R. CIV. P. 23 CLASS AND FOR COURT-AUTHORIZED NOTICE TO CLASS MEMBERS**
_____

Now before the Court in this action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and the Colorado Minimum Wage Act (the "Wage Act"), C.R.S. §§ 8-6-101 *et seq*., is the parties' Joint Motion to Adopt Parties' Stipulation of Preliminary Certification of a Fair Labor Standards Act § 216(b) Class and Certification of a Federal Rule of Civil Procedure 23 Class and for Court-Authorized Notice to Class Members. (ECF No. 28.)

## I. BACKGROUND

As alleged in the Complaint, Plaintiff and the other members of the proposed class were hourly employees at Defendants' Brown Dog Pizza restaurant in Telluride, Colorado. (ECF No. 1 ¶ 1.) Plaintiff worked for Defendants from approximately 2009 through April 2017. He alleges Defendants refused to pay him and other members of the

proposed class overtime for hours worked beyond forty each workweek and beyond twelve each workday, in violation of the FLSA and the Wage Act.  (*Id.* ¶¶ 2–3.)  For example, Plaintiff alleges from he worked 107.67 hours from July 16–31, 2015 and 99.61 hours from September 5–18, 2016, and that Defendants failed to pay him overtime as required during those periods.  (*Id.* ¶ 17.)

Plaintiff alleges that Defendants subjected not only himself, but all their hourly employees to a "common policy of refusing to pay overtime wages for hours worked beyond forty each workweek and beyond twelve each workday."  (*Id.* ¶ 29; *see also id.* ¶ 18.)

Further, Plaintiff alleges that upon separation, Defendants did not pay him all of his earned, vested and determinable wages, and failed to pay other employees all of their earned and vested wages upon termination, as is required under the Wage Act.  (*Id.* ¶¶ 6, 19.)

As set out in the present Joint Motion, and in the parties' related filings, since this case was filed in September 2017, the parties have been working to negotiate a settlement agreement.  Thus they have jointly stipulated to the preliminary FLSA and Rule 23 class certification and notice procedure, as proposed in the Joint Motion, and represent that at the end of the proposed notice and opt-in/opt-out period, the parties will have "the benefit of full information as to potential damage" and "intend to negotiate the monetary terms of settlement" upon receipt of that information. (ECF No. 28 at 2.)  The parties represent that "[u]pon agreement to terms of settlement," they will submit their settlement agreement to the Court for approval, to be followed by a final fairness hearing.  (*Id.*)

## II.  LEGAL STANDARDS

A.  **Rule 23 Class Certification Standards**

A party seeking class certification must demonstrate that the four prerequisites of Federal Rule of Civil Procedure 23(a) are clearly met.  *Shook v. El Paso Cnty*, 386 F.3d 963, 971 (10th Cir. 2004); *see also Tabor v. Hilti, Inc.*, 703 F.3d 1206 (10th Cir. 2013). These threshold elements are: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  A plaintiff who meets these threshold requirements must then demonstrate that the action falls within one of the three categories of lawsuits set forth in Rule 23(b).  *Shook*, 386 F.3d at 971.  Here, Plaintiff seeks certification pursuant to Rule 23(b)(3).  (ECF No. 28 at 7, 11–12.)

In determining the propriety of a class action, the question is not whether a plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.  *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982).  When deciding whether the proposed class meets the requirements of Rule 23, the Court accepts the plaintiff's substantive allegations as true, though it need not blindly rely on conclusory allegations and may consider the legal and factual issues which the complaint presents.  *Shook*, 386 F.3d at 968; *see also Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009).  The Court should not pass judgment on the merits of the case, but must conduct a "rigorous analysis" to ensure that the requirements of

3

Rule 23 are met. *D.G. ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010). The decision whether to grant or deny class certification "involves intensely practical considerations and therefore belongs within the discretion of the trial court." *Tabor*, 703 F.3d. at 1227.

B.   **FLSA Collective Action Conditional Certification Standards**

The FLSA permits collective actions where the allegedly aggrieved employees are "similarly situated." 29 U.S.C. § 216(b). Whether employees are similarly situated is judged in two stages: a preliminary or "notice stage" (at issue here) and then a more searching, substantive stage, usually after the close of discovery. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–03, 1105 (10th Cir. 2001). At the notice stage, a plaintiff must offer "nothing more than substantial allegations that the putative [collective action] members were together the victims of a single decision, policy, or plan." *Id.* at 1102 (internal quotation marks omitted); *see also Boldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (applying *Thiessen* standard).

If the plaintiff meets this standard, then the Court may order that the defendant provide contact information for all employees and former employees that may be eligible to participate in the collective action, and the Court may approve a form of notice to be sent to all of those individuals. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–74 (1989). Such notice is often necessary because, unlike class actions under Federal Rule of Civil Procedure 23, FLSA collective actions require a party to opt in to the litigation rather than opt out of the class. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any [collective] action unless he gives his consent in writing to become

4

such a party and such consent is filed in the court in which such action is brought."). Obviously, current or former employees cannot opt in if they do not know about the pending action.

## III. PROPOSED CLASS

The parties have stipulated to the following class definitions:

(1) As to Plaintiff's Wage Act class action claims, a class defined as:

> All hourly employees who worked at Brown Dog Pizza on or after September 14, 2015 and who were not paid overtime wages for overtime hours worked.

(2) As to Plaintiff's FLSA collective action claims, a group defined as:

> All hourly employees who worked at Brown Dog Pizza on or after September 14, 2014 and who were not paid overtime wages for overtime hours worked.

(ECF No. 28 at 3, 7.)

## III. ANALYSIS

**A. Rule 23 Analysis**

    1. <u>Rule 23(a) Prerequisites</u>

        a. *Numerosity*

As reflected in the parties' joint motion, Defendant calculates there are approximately 114 members in the proposed Rule 23 class. (ECF No. 28 at 7.) The parties have stipulated to numerosity and, in reliance on Defendants' calculation and the parties' stipulation, the Court finds that joinder would be impractical and the numerosity requirement has been satisfied. (*See* ECF No. 28 at 7–8.) *See also Bass v. PJCOMN Acquisition Corp.*, 2011 WL 2149602 at *2 (D. Colo. June 1, 2011) (finding numerosity

satisfied where evidence showed that there were at least fifty pizza delivery drivers, and potentially many more, in the proposed class).

      b.    *Commonality*

The parties agree that the proposed class satisfies the commonality requirement because it "features a . . . question of law and fact that is common to every member of the class: Whether they were subject to company-wide practice of non-payment of overtime premiums." (*Id.* at 8.) "A finding of commonality requires only a single question of law or fact common to the entire class." *Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 914 (10th Cir. 2018). Upon review of the record, and given the parties' agreement and joint motion, the Court finds that the commonality requirement has been met.

      c.    *Typicality*

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Differing fact situations of class members do not defeat typicality so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Menocal*, 882 F.3d at 914 (internal quotation marks omitted). The typicality requirement is met where "there is a sufficient nexus between the claims of the class representatives and the common questions of law or fact which unite the class." *Decoteau v. Raemisch*, 304 F.R.D. 683, 689 (D. Colo. 2014). The relevant inquiry is "whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of Sw. v.*

*Falcon*, 457 U.S. 147, 157 n.13 (1982) (as to both commonality and typicality).

Here, Plaintiff claims Defendants had a policy of not paying overtime that "was universally applied to the proposed class," and the parties agree that "Plaintiff's claims challenge the same conduct under the same legal and remedial theories," as for the class as a whole, and so the typicality requirement is met. (ECF No. 28 at 9.)

        d.     *Adequacy*

The adequacy inquiry asks whether the named class representatives "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002) (internal quotation marks omitted).

The parties agree that Plaintiff shares an interest in vindicating his alleged wage underpayment with all other class members, and that "there is no divergence between the interests of the Plaintiff, their counsel and of the class." (ECF No. 28 at 10.) Having reviewed the record and relying on the parties' agreement and stipulations, the Court perceives no conflict between Plaintiff and his counsel or other anticipated members of the class.

As to Plaintiff's counsel, the Court acknowledges Mr. Milstein's experience and ability in pursuing cases of this type, and agrees with the parties' stipulation that Plaintiff and his counsel are able to vigorously prosecute this action on behalf of the proposed class. (*See id.* at 10–11.)

7

2. Rule 23(b)(3)

Rule 23(b)(3) permits class certification where "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997). "[W]hen one or more of the central issues in the action are common to the class and can be said to predominate, the action will be considered proper under Rule 23(b)(3) even though other important matters have to be tried separately." *Cook v. Rockwell Intern. Corp.*, 151 F.R.D. 378, 388 (D. Colo. 1993).

The second requirement for class certification under Rule 23(b)(3) is that the class action be "superior to other available methods fairly and efficiently adjudicating the controversy."

In determining whether to certify a class under Rule 23(b)(3), the Court considers:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

Here, the parties agree that certification of the proposed class is warranted under

Rule 23(b)(3) for several reasons:

> The representative Plaintiff's claims and those of the class arise from the same legal grievances, and questions common to these claims regarding the mechanics and administration of Defendants' payroll system, whether Defendants' non-payment of overtime policies violated the law, and the Defendants' good faith defense will be litigated repetitively if these claims are not aggregated.

(ECF No. 28 at 11.) The parties also argue that a class action is superior to individual actions for reasons of efficiency and because the "absent class members have shown no interest in controlling the litigation of separate actions." (*Id.* at 12.) No other litigation regarding these claims has been commenced. Further, class treatment is preferable in order to advance the numerous, relatively small individual claims of low-wage hourly workers in a pizza restaurant, many of whom, according to the parties, "lack English proficiency," making it likely their claims would not be pursued at all, unless via class action. *Cf. Torres-Vallejo v. Creativexteriors, Inc.*, 220 F. Supp. 3d 1074, 1085 (D. Colo. 2016) (certifying class of seasonal Mexican national landscape laborers under Rule 23(b)(3) where "the value of any individual's claims is likely too small to make individual litigation cost effective").

Having reviewed the record and being fully advised, the Court agrees with the parties' conclusion that class certification is appropriate under Rule 23(b)(3).

**B.     FLSA Preliminary Certification**

For essentially the same reasons explained above, as to Rule 23, and given the parties' stipulation and joint motion, the Court also finds that preliminary certification of the proposed FLSA class is warranted under the comparatively lenient standard for

preliminary certification and notice of an FLSA collective action. *See generally Thiessen*, 267 F.3d at 1102–03.

**C.     Notice Procedure**

The parties jointly propose a two-part notice procedure for the FLSA opt-in and Rule 23 opt-out classes.

First, the parties propose (and have agreed to) a 45-day opt-in period during which potential FLSA class members may return their opt-in forms. (ECF No. 28 at 14.) The parties have also proposed (and agreed to) proposed Notice and Opt-In Forms. (ECF No. 28-1.) Second, the parties propose that after the close of the 45-day opt-in period, a designated Class Administrator will issue a Rule 23 class (*i.e.*, the opt-out class) Notice, in the Form proposed and agreed by the parties. (ECF No. 28 at 14–15; ECF No. 28-2.)

1.     FLSA Collective Action Preliminary Notice

As discussed above, the Court finds that preliminary certification is warranted and notice of an FLSA collection action is appropriate. Thus, the Court may order that Defendant provide contact information for all current and former employees who may be eligible to participate in the collective action. *See Hoffmann-La Roche*, 493 U.S. at 169–74.

Accordingly, the parties' present Motion is granted in part in that the Court will approve the proposed FLSA Notice and opt-in Consent to Join form, subject to the Court's modifications reflected in the attachment to the Order.[1] Per the parties'

---

[1] The Court's modifications to the proposed FLSA Notice and Consent to Join Form are consistent with alterations that this Court ordered as to the notice used by Plaintiff's counsel in at least one prior case, which were not incorporated by the same counsel into substantially-identical template Forms of Notice submitted here. *See Lira v. Commercial Constr., Inc.*, No.

representations and requests, all Notices and written communications with potential class members shall be made in both the English and Spanish languages.

### 2. Rule 23 Class Notice

The parties' proposed procedure reflects the parties' expectation that, after receiving the returns of the FLSA opt-in forms, they will finalize a settlement amount for all claims, which will establish "which members are entitled to actual plus liquidated damages (those who opt in to the FLSA action) and which members are entitled to actual damages only as member of the Rule 23 . . . class." (ECF No. 28 at 2.)

Accordingly, the parties' present Motion presupposes that the they will have finalized a proposed settlement of all class claims at the time any Rule 23 notice is made, and also that the membership of the class will then be known, such that the Rule 23 Class Notice will be able to specify the amount of money that will be paid in settlement to each individual class member who does not opt out. (*See* ECF No. 28-2.) However, the proposed amount of settlement is not now before the Court (nor, necessarily, the amount to be paid to Plaintiff's attorney). Moreover, the payment of any amount in settlement to the Rule 23 class members of course depends upon the Court approving a final settlement agreement. The parties' present Motion presupposes the Court will do so, but does not divulge the proposed contents of a settlement agreement, nor make any argument in favor it approving the proposed or anticipated settlement terms. (*See id.* at 2–3.)

Given the lack of information regarding the anticipated settlement, the Court

---

16-cv-1566-WJM-CBS, Order Granting Conditional Collective Action Certification, ECF No. 25 (D. Colo. March 30, 2017).

cannot give its preliminary approval to a non-consummated settlement agreement at this time, and therefore also cannot approve the parties' proposed Rule 23 Notice. The parties' present Motion is denied in part without prejudice to refiling as to the parties' proposed Rule 23 class notice on the Wage Act claim, and the Court sets out a procedure below for the anticipated filing, preliminary approval, and final approval of a settlement agreement.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The parties' Joint Motion to Adopt Parties' Stipulation of Preliminary Certification of a Fair Labor Standards Act § 216(b) Class and Certification of a Fed. R. Civ. P. 23 Class and for Court-authorized Notice to Class Members (ECF No. 28) is GRANTED IN PART as set forth herein.

2. This Action is CONDITIONALLY CERTIFIED as a collective action under 29 U.S.C. § 216(b), with the collective action members eligible to opt-in to Plaintiff's Second Claim for Relief (ECF No. 1 ¶¶ 72–81) defined as:

    > All hourly employees who worked at Brown Dog Pizza on or after September 14, 2014 and who were not paid overtime wages for overtime hours worked.

3. The Court also CERTIFIES a Class under Fed. R. Civ. P. 23(a) & 23(b)(3) the following class as to Plaintiff's First and Third Claims for Relief (ECF No. 1 ¶¶ 63–71, 82–89):

    > All hourly employees who worked at Brown Dog Pizza on or after September 14, 2015 and who were not paid overtime wages for overtime hours worked.

4. Plaintiff Victor Diaz is hereby APPROVED as class representative.

5. Pursuant to Federal Rule of Civil Procedure 23(g) the following attorney is APPOINTED as class counsel: Brandt Milstein, Milstein Law Office, 1123 Spruce Street, Suite 200, Boulder, CO 80302.

6. The form of the FLSA opt-in Notice and Consent to Join, submitted at ECF No. 28-1, are APPROVED AS MODIFIED, as described above and subject to incorporation of the edits reflected in the first attachment to this Order.

7. The parties shall effect notice to potential conditional action members as follows:

   a. No later than **June 25, 2018**, Plaintiff SHALL FILE a notice docketing a Spanish language translation of the Court-approved Notice and Consent to Join Form.

   b. No later than **July 2, 2018**, Plaintiff SHALL MAIL the final FLSA Notice and Consent to Join Form, incorporating the Court's modifications, in both English and Spanish, to all potential collective action members via first-class U.S. Mail. Further, Plaintiff SHALL FILE a Notice of Completion of Mailing notifying the Court when this mailing has been completed, and this mailing SHALL IDENTIFY the parties' selected Class Administrator.

   c. Consistent with the parties' stipulations, Defendants SHALL INCLUDE a copy of the FLSA Notice and Consent to Join forms in English and Spanish in the pay envelopes of all putative class members who currently work for Defendants, and SHALL POST copies of the Notice and Consent to Join form, in English and Spanish, in areas readily and routinely available for review by potential class members.

8. Potential FLSA collective action participants shall have until **August 17, 2018** to return the Consent to Join Form.

9. No later than **August 31, 2018**, assuming a settlement agreement on the Wage Act claim has been finalized, the parties SHALL FILE a copy of that settlement agreement together with a motion for its preliminary approval and proposed class notice form. This filing must include the anticipated amount to be paid to each Rule 23 Wage Act class member. If no settlement agreement has been finalized, the parties shall instead file a status report.

10. Upon receipt of a Motion for Preliminary Approval of Settlement, the Court will determine whether to approve the anticipated settlement and, as needed, approve notice of the Rule 23 class certification and settlement, and set a final fairness hearing and related deadlines for filing objections and a request for final approval.

Dated this 19th day of June, 2018.

BY THE COURT:

William J. Martínez
United States District Judge