**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 17-cv-2228-WJM-NYW

VICTOR DIAZ on his own behalf and
on behalf of all others similarly situated,

      Plaintiff,

v.

LOST DOG PIZZA, LLC,
DANIEL WARREN LYNCH and
JEFF SMOKEVITCH,

      Defendants.

---

**JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT**

---

Pursuant to the Court's Order (ECF No. 30 p. 14 ¶¶ 9-10), Plaintiff and Defendants (the "parties") submit this Joint Motion to respectfully request that the Court:

1. Grant preliminary approval to their class and collective action settlement agreement which is attached hereto as Exhibit 1;

2. Approve the Rule 23 class notice which is attached hereto as Exhibit 2; and

3. Set a final fairness hearing and related deadlines for filing objections and a request for final approval.

## **PROCEDURAL HISTORY**

The parties are working diligently to bring to a negotiated conclusion this class and collective wage action which Plaintiff filed on September 14, 2017. ECF No. 1. On June

19, 2018, the Court entered an Order granting in part the parties' stipulation to conditional certification of an FLSA collective action and a Rule 23 class action. ECF No. 30. In its Order, the Court conditionally certified the collective action, certified the class action, appointed named Plaintiff Victor Diaz to be the Rule 23 class representative and appointed Brandt Milstein to be Rule 23 class counsel. *Id.*

The Court also approved, with modifications, the parties' proposed FLSA notice and ordered the parties, via a class administrator, to disseminate the FLSA notice via U.S. Mail, posting and in current employees' pay envelopes. *Id.* at ¶¶ 6-8. The Class Administrator delivered the FLSA notice to 110 FLSA collective action potential plaintiffs on July 2, 2018. Of those, 12 were returned as undeliverable. Three potential FLSA plaintiffs returned consent to join forms.

The Court ordered the parties to submit this Preliminary Motion for Approval and the parties' proposed Rule 23 class notice by August 31, 2018 and upon the completion of settlement negotiations. *Id.* at ¶ 9. The parties have completed settlement negotiations and are prepared to disseminate the Rule 23 opt-out notice. The parties request that the Court grant preliminary approval to their settlement agreement (Exhibit 1), approve the Rule 23 notice (Exhibit 2), set a final fairness hearing and deadlines for filing objections and opting-out of the settlement, and set a deadline for the parties to request final approval. *Id.* at ¶ 10.

## **SUMMARY OF THE SETTLEMENT TERMS**

The parties have reached terms of settlement of this restaurant worker Rule 23 Class and FLSA Collective action. To determine the value of the Plaintiff's, the FLSA Opt-In Plaintiffs' and each Rule 23 Class Member's claims, the parties reviewed all available

time-worked and wage payment records. Defendants hired a data analyst to compute the Class Members' damages over the three-year FLSA statutory period and the two-year MWO statutory period. Counsel for Plaintiffs interviewed Defendants' data analyst regarding his formulae and methods for calculating damages, and checked the analyst's computations against Class Members' actual wage and hour records. Based on the Classes' wage and hour records and the data analyst's computations, taking into account the evidence available, and the risks and costs of continued litigation, the parties negotiated a settlement agreement which is attached hereto as Exhibit 1. The parties believe the agreement to be a fair and reasonable settlement of the FLSA collective and the MWO Rule 23 class claims.

The settlement provides that, within ten (10) days of the Court's entry of an order granting final approval to the settlement agreement, Defendants will make a Settlement Payment of up to $167,368.78 into a qualified settlement fund to be administered by the Class Administrator to compensate Plaintiff, the Opt-In Plaintiffs, and the Members of the Rule 23 Class who do not opt-out for their damages, inclusive of attorney fees and costs and an incentive award. In addition to and separately from the Settlement Payment, Defendants will pay all settlement administration costs and the employer's portion of required withholding and payroll taxes. The Plaintiff, the Opt-In Plaintiffs and the members of the Rule 23 Class who do not opt-out will be responsible for their respective federal, state and local tax obligations.

**Payment to the Class Members**

The parties propose that within twenty (20) days of the Court's entry of an order granting final approval to this settlement, the Settlement Administrator will mail settlement

checks to Rule 23 Class Members and FLSA Opt-In Plaintiffs (in amounts in accordance with the individual damages figures included in the Settlement Agreement), a check for attorney fees and costs to Plaintiff's Counsel, and a check to the Incentive Award recipient Victor Diaz.

Any settlement checks issued by the Settlement Administrator that are not negotiated within 90 days of issuance will constitute "Unclaimed Funds." The class administrator will forward Unclaimed Funds to the Tri-County Health Network, a 501(c)(3) organization that advocates for the labor rights of immigrant workers in Telluride, Colorado, where the alleged wage violations that are the subject of this lawsuit occurred.[1]

**Service Awards**

The Parties have agreed to the payment of a service award to the named Plaintiff and Rule 23 Class Representative Victor Diaz in the amount of $5,000.00.

**Release of Claims**

In exchange for the Settlement Payment, Plaintiff, the Opt-In Plaintiffs and Members of the Rule 23 Class who do not opt-out of the settlement will release Defendants from all wage claims which were or could have been pleaded in the Action.

**Attorney Fees and Costs**

---

[1] A cy pres award must be "guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1039 (9th Cir. 2011). The American Law Institute has adopted a rule for cy pres awards requiring parties "to identify a recipient whose interests reasonably approximate those being pursued by the class." Principles of the Law of Aggregate Litigation § 3.07(c) (Am.L.Inst.2010). In this case, low-wage immigrant workers brought suit under the FLSA to recover wages they claim they are due. The purpose of the FLSA is "to secure for the lowest paid segment of the nation's workers a subsistence wage." *D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 116 (1946). The Tri-County Health Network is a 501(c)(3) organization that advocates for the labor rights of low-wage immigrant workers like the members of the classes here. The parties submit that forwarding unclaimed funds from this case to Tri-County Health Network is the "next best" way to distribute those funds.

Prior to the Final Fairness Hearing, Class Counsel will move the Court for approval of an award of 33% of the Settlement Payment.

## ARGUMENT

### I. The Court Should Approve the Settlement Agreement as Fair and Reasonable for the Purposes of Federal Rule of Civil Procedure 23

Rule 23 class claims may only be settled with the Court's approval. Fed. R. Civ. P. 23(e). The authority to approve a settlement of a class action suit is committed to the sound discretion of the trial court, and settlement approval will not be set aside absent an abuse of discretion. *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir.1984). Courts apply the following factors to determine whether a proposed Rule 23 class action settlement is fair, reasonable and adequate:

(1) Whether the proposed settlement was fairly and honestly negotiated;

(2) Whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt;

(3) Whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) Whether the parties' judgment is that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1188 (10th Cir. 2002).

A. <u>The Proposed Settlement was Fairly and Honestly Negotiated</u>

This case was litigated, and the proposed settlement was reached, in the context of Plaintiff's federal class action lawsuit. The parties were represented by counsel with extensive experience in wage and hour class litigation. The parties reviewed all available time-worked and wage payment records. Defendants hired a data analyst to compute the Class Members' damages over the three-year FLSA statutory period and the two-year

MWO statutory period. Counsel for Plaintiff's interviewed Defendants' data analyst regarding his formulae and methods for calculating damages, and checked the analyst's computations against Class Members' actual wage and hour records. The Parties engaged in contested settlement negotiations. Counsel utilized their experience in similar class employment matters, and thoroughly analyzed the legal and factual issues, as well as each party's level of litigation risk, to arrive at a fair and reasonable compromise.

      B.  <u>Serious Questions of Fact Do Not Exist</u>

There were not significant issues of fact or law at dispute in this case. For this reason, the Settlement Agreement provides for full recovery of all damages that the Members of the Rule 23 Class would recuperate if they were to prevail on all issues at trial.

      C.  <u>The Value of an Immediate Recovery Outweighs the Mere Possibility of Future Relief After Protracted and Expensive Litigation</u>

The Members of the Rule 23 Class will recover all the damages that they would recuperate if they were to prevail on all issues at trial; any further litigation in this matter would yield little or no benefit to the Class members. Moreover, given the risks associated with further litigation, the Class members may recover less than $167,368.78 should the case proceed through trial. Thus, the proposed settlement outweighs any potential benefit of further litigation.

      D.  <u>It is the Parties' Judgment that the Settlement is Fair and Reasonable</u>

The Parties, with the advice of experienced counsel, are confident that the settlement is fair and reasonable. The Court should approve the settlement as fair and reasonable for the purposes of Rule 23.

## II. The Court Should Approve the Settlement as Fair and Reasonable for the Purposes of the Fair Labor Standards Act

A district court may approve an FLSA collective action settlement after "scrutinizing settlement for fairness" and deciding whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982).

> [I]n determining whether to approve a FLSA settlement, this Court considers whether (1) the FLSA settlement is reached as a result of a bona fide dispute, (2) the settlement is fair and equitable to all parties, and (3) the settlement contains a reasonable award of attorney's fees. With respect to the second factor, this Court evaluates, first, whether the settlement is fair and reasonable, and, second, whether the settlement undermines the purposes of the FLSA. In considering whether the FLSA has been undermined, this Court looks at (1) the presence of other similarly situated employees, (2) the likelihood that the plaintiff's circumstances will recur, and (3) whether the defendant has a history of non-compliance with the FLSA.

*Herring v. Thunder Ridge Trucking and Filtration, Inc.,* 2016 WL 7868819, at *2 (D. Colo. May 24, 2016).

### A. The Parties Are Resolving a Bona Fide Dispute

Parties seeking approval of an FLSA settlement may establish that a bona fide dispute exists by presenting: "(1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage." *Baker v. Vail Resorts Mgmt. Co.,* 2014 WL 700096, *1 (D. Colo. Feb. 24, 2014).

7

Here, as to *Baker* factor (1), the parties dispute whether Defendants violated the FLSA by failing to pay their employees overtime wages. As to *Baker* factor (2), the parties represent that Defendants own and operate a pizza restaurant in Telluride, Colorado. The settling opt-in Plaintiffs worked as cooks in Defendants' restaurant.

As to *Baker* factor (3), though Defendants do not dispute their employees' right to be paid minimum and overtime wages pursuant to the FLSA, they do dispute whether they failed to pay overtime premiums in violation of the FLSA. The employees, on the other hand, and in reference to *Baker* factor (4), allege that Defendants did in fact fail to pay overtime premiums in violation of the FLSA.

As to *Baker* factor (5), the parties agree, based on review of the opt-in Plaintiffs' time records, on the computation of wages owed. In light of all of the above, "this case is not sham litigation… it very much involves a bona fide dispute between adversarial opponents." *Whittington v. Taco Bell of Am., Inc.*, 2013 WL 6022972, at *4 (D. Colo. Nov. 13, 2013).

B. <u>The Settlement is Fair and Equitable to All Parties</u>

i. **The Settlement is Fair and Reasonable**

In determining whether an FLSA settlement is fair and reasonable, Courts consider the same factors applied in the Rule 23 settlement fairness analysis described in section I, supra. *Baker*, 2014 WL 700096, *2 (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002)). The parties reiterate without repeating their arguments detailed in section I above.

### ii. The Settlement Does Not Undermine the FLSA

To find that an FLSA settlement does not undermine the Act, Courts query whether the proposed settlement adheres to the statute's purpose, which is to protect employees' rights from employers who generally wield superior bargaining power. *Baker*, 2014 WL 700096, *2. To make this determination, this Court looks into (1) the presence of other similarly situated employees, (2) the likelihood that the plaintiff's circumstances will recur, and (3) whether the defendant has a history of non-compliance with the FLSA. *Herring*, 2016 WL 7868819, at *2 (D. Colo. May 24, 2016).

#### a. The Presence of Other Similarly-Situated Employees

Here, all Defendants' employees who were similarly situated to Plaintiff during the applicable statutory periods were included in the FLSA and Rule 23 Classes. The hybrid nature of Plaintiff's complaint ensured that every single one of Defendants' employees who were disadvantaged by their employers' superior bargaining power, and who were allegedly denied overtime wage payments, would be included in the class settlement in the employees' favor. By including and recovering damages for all similarly-situated employees, this lawsuit countered the bargaining power advantage normally enjoyed by the Defendants. This settlement thus effectuates rather than undermines the purpose of the FLSA.

#### b. The Likelihood that the Plaintiff's Circumstances Will Recur

Given that Defendants have paid a high price for their alleged violations of the FLSA, they have a strong incentive to refrain from engaging in conduct violative of the statute in the future. Concurrently, because Defendants' employees have now participated in a successful collective FLSA enforcement action, and because the class

members are in contact with their counsel who specializes in FLSA litigation, Defendants are aware that any future violations of the statute would be very likely to come to light and be litigated, further deterring future violations.

        c. <u>Whether the Defendants Have a History of Non-Compliance with the FLSA.</u>

Defendants represent that they have never been part of an enforcement action brought by any governmental agency or private plaintiff seeking to enforce the FLSA. Because there is no history of non-compliance with the FLSA, this factor weighs in favor of approval of this settlement.

    C. <u>The Settlement Contains a Reasonable Award of Attorney Fees</u>

Plaintiff will move the Court for approval of Class Counsel's fee award totaling 33% of the Settlement Payment.

**III.    The Service Award is Reasonable**

Plaintiffs are eligible for reasonable incentive payments as part of a class action settlement. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). When evaluating the reasonableness of an incentive award, courts may consider factors such as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation." *Id.* (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

The $5,000.00 service award here is appropriate because Class Representative Victor Diaz took a substantial risk in coming forward with reports of Defendants' wage and hour law violations when no other employees were willing to do so. Mr. Diaz is an immigrant to the United States who credibly feared that immigration and workplace

consequences might result from early and visible participation in the lawsuit. *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 561 (5th Cir. 2016) ("[E]mployers commonly and unlawfully retaliate against irksome workers by reporting or threatening to report them to immigration authorities.")(citing *Sure–Tan, Inc. v. NLRB*, 467 U.S. 883, 886–87, 104 S.Ct. 2803, 81 L.Ed.2d 732 (1984); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064–65 (9th Cir. 2004) (collecting cases)).

In addition, Plaintiff Diaz materially assisted counsel in reviewing documents, communicating with class members and bringing the case to a successful conclusion to the benefit of all of his co-workers. Class Representative Diaz was not compelled to testify either by deposition or at a court hearing or to answer discovery; however, he advocated for the interests of the Class Members and made sure that the interests of the Class were at the forefront of negotiations. The modest incentive award sought here is reasonable. *See*, *e.g.*, *Ramirez et al. v. El Tapatio, Inc. et al.,* Case No. 13-cv-00861-REB-BNB, Doc. No. 58 (D. Colo. 2013) (approving $10,000.00 incentive award to class representative in wage class action); *Van Vranken*, 901 F. Supp. at 300 (approving $50,000 participation award to a single class representative); *Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) (approving incentive awards of $25,000 to each named plaintiffs in a wage and hour case); *Rausch v. Hartford Fin. Servs. Group*, 2007 WL 671334 (D. Or. Feb. 26, 2007) (approving $10,000 incentive award per named plaintiff).

**IV.**    **The Court Should Order the Parties to Issue Notice to the Rule 23 Class**

The Court should order the parties to issue the Rule 23 Notice and opt-out form attached hereto as Exhibit 2. The proposed Rule 23 Notice and opt-out form describe the

case, the damages to be awarded to each class member,[2] and the process by which Class Members may opt-out or object to the settlement. Rule 23 notice is sufficient "if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal citations omitted).

## CONCLUSION

For the reasons set forth above, the Parties respectfully request that the Court:

1. Grant preliminary approval to their class and collective action settlement agreement which is attached hereto as Exhibit 1;

2. Approve the Rule 23 class notice which is attached hereto as Exhibit 2; and

3. Set a final fairness hearing and related deadlines for filing objections and a request for final approval.


Respectfully submitted,


*s/ Brandt P. Milstein*
Milstein Law Office
1123 Spruce St., Suite 200
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com

*Attorney for Plaintiff*

*s/ Juli E. Lapin*
Robinson Waters & O'Dorisio, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
303.297.2600
juli@rwolaw.com

*Attorney for Defendants*

---

[2] Individual damages figures listed in the Settlement Agreement (Exhibit 1) will be inserted into each Rule 23 Class Member's notice by the settlement administrator prior to mailing.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all parties entitled to notice.

*s/ Brandt Milstein*