IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-2228-WJM-NYW

VICTOR DIAZ, on his own behalf and on behalf of all others similarly situated,

    Plaintiff,

v.

LOST DOG PIZZA, LLC,
DANIEL WARREN LYNCH, and
JEFF SMOKEVITCH,

    Defendant.
_____

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**
_____

Plaintiff Victor Diaz brings this lawsuit against Defendants Lost Dog Pizza, LLC, Daniel Warren Lynch, and Jeff Smokevitch (together, "Defendants") alleging non-payment of overtime to workers at Lost Dog Pizza d/b/a Brown Dog Pizza, a restaurant in Telluride, Colorado, in violation of the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (ECF No. 1.) Plaintiff, on behalf of himself and those similarly situated, and Defendants jointly ask the Court to preliminarily approve their proposed settlement of class and FLSA claims, to approve a proposed Rule 23 class notice, and set a final fairness hearing and related deadlines. (ECF No. 28.)

The Court has reviewed and considered the parties' joint motion and, having reviewed the proposed settlement and being fully advised, will grant the parties' motion.

"The purpose of the preliminary approval process is to determine whether there is

any reason not to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006). "[T]he standard that governs the preliminary approval inquiry is less demanding than the standard that applies at the final approval stage." *Rhodes v. Olson Assocs., P.C.*, 308 F.R.D. 664, 666 (D. Colo. 2015) (internal quotation marks omitted). A proposed settlement should be preliminarily approved if it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible [judicial] approval." William B. Rubenstein, *Newberg on Class Actions* § 13:10 (5th ed., Nov. 2018 update) (internal quotation marks omitted).

As drafted and presented to the Court, the proposed settlement agreement appears to be the product of serious negotiations, has no obvious deficiencies, does not grant improper preferential treatment to the class representatives, and generally falls within the range of possible judicial approval. *See id.*

The proposed settlement agreement also contains a *cy pres* provision that would distribute unclaimed funds to a third party were the Court to finally approve the proposed settlement agreement. (ECF No. 37 at 8.) Because *cy pres* awards are not frequently used in class actions within the District of Colorado, the Court will address at this time whether the *cy pres* award provision is "fair, reasonable, and adequate." (*Id.*) *See also* Fed. R. Civ. P. 23(e)(2).

There are two types of *cy pres* awards to third parties in class action settlements: (1) all settlement funds go to third-party organizations working on issues related to the

2

underlying dispute instead of class members[1] and (2) unclaimed funds go to third-party organizations. *See In re Google Referrer Header Privacy Litig.*, 869 F.3d 737, 742 (9th Cir. 2017), *cert. granted sub nom. Frank v. Gaos*, 138 S. Ct. 1697 (2018); *Tennille v. W. Union Co.*, 809 F.3d 555, 560 n.2 (10th Cir. 2015). The Tenth Circuit has recognized that the *cy pres* doctrine in class action settlements "allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries," but has not otherwise expounded on the doctrine. *Tennille*, 809 F.3d at 560 n.2 (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011)).

District courts within the Tenth Circuit have approved *cy pres* awards to third-party beneficiaries in class action settlements. *See In re Crocs, Inc. Sec. Litig.*, 2013 WL 4547404, at *5 (D. Colo. Aug. 28, 2013); *Childs v. Unified Life Ins. Co.*, 2012 WL 13018913, at *5 (N.D. Okla. Aug. 21, 2012). A *cy pres* award is appropriate "only if the beneficiary is the next best use for indirect class benefit" and the "cy pres beneficiary . . . [is] related to the nature of a plaintiff's claims." *Bailes v. Lineage Logistics, LLC*, 2016 WL 4415356, at *7 (D. Kan. Aug. 19, 2016) (internal quotation marks omitted and alterations incorporated). *But see In re Crocs*, 2013 WL 4547404, at *5 (preliminarily approving *cy pres* provision that awarded unallocated funds to an charitable organization with no immediately discernable ties to the purpose of the lawsuit). Courts also evaluate whether beneficiaries are "carefully chosen to account for the nature of the lawsuit, the objectives

---

[1] The Supreme Court recently heard argument on the appropriateness of a *cy pres* award that provided $5.3 million in grants to six organizations, $3.2 million in attorneys' fees, administrative costs, and incentive payments to named plaintiffs, but no monetary relief to the 129 million class members. *Frank v. Gaos*, No. 17-961 (argued Oct. 31, 2018); *see In re Google Referrer Header Privacy Litig.*, 869 F.3d at 742.

of the underlying statutes, and the interests of silent class members, including their geographic diversity." *In re Motor Fuel Temperature Sales Practices Litig.*, 286 F.R.D. 488, 504 (D. Kan. 2012). Courts have rejected *cy pres* awards when the parties failed to identify a proposed beneficiary, or when the beneficiary was "so unrelated to the claims" in the case that the class members would not benefit. *Better v. YRC Worldwide Inc.*, 2013 WL 6060952, at *6 (D. Kan. Nov. 18, 2013); *Bailes*, 2016 WL 4415356, at *7.

The parties' joint proposal includes a *cy pres* provision that provides that any settlement checks not negotiated within 90 days of issuance will be deemed "unclaimed funds" and forwarded by the class administrator to the Tri County Health Network, a Section 501(c)(3) organization based in Southwestern Colorado. (ECF No. 37-1 at 8.) In supplemental briefing requested by the Court, Plaintiff explains that the Tri-County Health Network provides workers' rights services to the immigrant community in Telluride, Colorado (where the pizzeria is located). (ECF No. 39 at 1.) Specifically, Tri-County Health Network conducts workers' rights workshops for immigrant laborers who work in the service industry in the area and assist individual immigrant workers with work-related disputes. (*Id.*) The organization recently received a grant from the Colorado Bar Association to provide translation and interpretation services to aid local lawyers and Spanish-speaking immigrant workers. (*Id*. at 2.)

The Court is satisfied that the proposed *cy pres* award is the "next best use for indirect class benefit" for unclaimed settlement funds. *See Bailes*, 2016 WL 4415356, at *7. The allegations that form the basis for this lawsuit took place at a pizza restaurant in Telluride by "low-wage immigrant workers." (ECF No. 37 at 4 n.1.) The Tri-County Health

Network provides resources and support for individuals in the same community as those who seek to vindicate their claims through this class action. The Court thus preliminarily finds that the *cy pres* award is fair, reasonable, and adequate.

The Court hereby FINDS and ORDERS as follows:

1. The Joint Motion for Preliminary Approval of Class and Collective Action Settlement (ECF No. 37) is GRANTED;

2. The Settlement Agreement (ECF No. 37-1) is PRELIMINARILY APPROVED as fair and reasonable.

3. The form and contents of notice to be given to the Class is APPROVED AS MODIFIED. A redline version (ECF No. 40-1) and clean version (ECF No. 40-2) of the Court-approved notice are attached to this Order.

4. The Settlement Administrator shall complete distribution of the Court-approved notice, in both English and Spanish, to all Class Members by **December 31, 2018**. The parties shall effect notice to Class Members as follows:

    a. No later than **December 27, 2018**, Plaintiff SHALL FILE a notice docketing a Spanish language translation of the Court-approved notice and opt-out form.

    b. No later than **December 31, 2018**, Plaintiff SHALL MAIL the final notice and opt-out form, incorporating the Court's modifications, in both English and Spanish to all Class Members via first-class U.S. Mail. Further, Plaintiff SHALL FILE a Notice of Completion of Mailing notifying the Court when the mailing has been completed.

The mailing of the class notice form will commence a **90-day notice period** and any objections to the Settlement Agreement must be post-marked or received by the Settlement Administrator no later than **March 31, 2019**.

5. Class Members who wish to be excluded must provide written notice of their desire to be excluded to the Settlement Administrator by **March 31, 2019**. Fed. R. Civ. P. 23(e)(4).

6. Any Class Member wishing to object to the Court's approval of the Settlement Agreement shall file their objection in writing with the Court and the parties by **March 31, 2019**. The counsel for the parties shall promptly file any such objection, and an English translation if applicable, with the Court. Counsel for the parties may file a response to any objections filed as part of or contemporaneous with the parties' application for final settlement approval. Plaintiffs' counsel may communicate with Class Members regarding their objections and may advise the Court of any Class Members who have communicated that they wish to withdraw their objections. Objections may be withdrawn only with the Court's approval. Fed. R. Civ. P. 23(e)(5).

7. The Parties' motion seeking final approval of the settlement, including counsel's final request for attorneys' fees and costs, and any incorporated responses to objections received, shall by filed with the Court and served on any timely objectors no later than **April 15, 2019**, 30 days before the fairness hearing. Any written responses to this motion shall be filed with the Court no later than **April 30, 2019**, 15 days before fairness hearing. These deadlines for Court filings do not

alter the obligation to comply with the 90-day period for submitting any written objections, as set out in paragraphs 4–6 above.

8. A fairness hearing is scheduled for **May 15, 2019 at 10:30 a.m.** at the United States District Court for the District of Colorado, Alfred A. Arraj Building, 901 19th Street, Denver, Colorado 80294-3589, in Courtroom A801 to determine whether the Court will give final approval to the Settlement Agreement.

9. Any class member who has submitted an objection in writing within the 90-day period set forth in paragraphs 4–6 above may appear at the fairness hearing and be heard as to why the Settlement Agreement should not be approved as fair, reasonable, and adequate, why a judgment should not be entered upon the settlement, or why attorneys' fees and expenses should not be awarded to class counsel. Any class member who fails to object or otherwise request to be heard will be deemed to have waived the right to object to the settlement.

Dated this 19th day of December, 2018.

BY THE COURT:

William J. Martínez
United States District Judge